## Case No. 15,781.

### UNITED STATES v. MINGO.

[2 Curt. 1;[1] 17 Law Rep. 435; 3 Liv. Law Mag. 275.]

Circuit Court, D. Massachusetts. June 5, 1854.

HOMICIDE—FELONIOUS KILLING—SELF-DEFENCE—JURISDICTION—TRIAL—RIGHT TO OPEN AND CLOSE.

1. In a capital case the junior counsel has a right, in opening, to argue at length the law and the facts, but only one counsel has a right to close, except where all the witnesses examined by the defendant's counsel have been previously examined before the grand-jury, and were called at the trial by the government.

2. M. killed J. with a dangerous weapon. and the evidence was contradictory as to provocation. and as to which was the assailant. The court instructed the jury that it was incumbent upon the government to prove a felonious killing, and if upon the whole evidence, the gov-

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

ernment had failed to satisfy the jury beyond a reasonable doubt, that the killing was felonious. the verdict of the jury must. be: "Not guilty of murder."

[Cited in brief in U. S. v. Sickles, Case No. 16,287a.]

[Cited in brief in State v. Evans, 65 Mo. 576.]

3. It is not usual to call upon the government to offer direct evidence to prove that the defendant was first apprehended within the district where he is tried, and if there is evidence to show that the defendant committed the offence in a ship then on the voyage direct to B., a port in the district, and the prisoner is in custody in B., the jury is warranted in finding the fact that he was first brought into B.

4. If two fight with deadly weapons in a mutual combat, begun in hot blood, and death ensue, it is manslaughter.

5. When killing in self-defense is justifiable.

[Cited in State v. Donnelly, 69 Iowa, 707, 27 N. W. 370.]

This was an indictment for murder, committed by the defendant [Joseph Mingo] upon William Johnson. on board of the American ship John Dunlap, on the high seas. At the trial the killing was fully proved, and the defendant contended that it was done in excusable self-defence. From the evidence it appeared that the defendant and the deceased were both seamen, on board of an American ship, which at the time of the homicide, was on the voyage from Apalachicola to Boston; that being previously acquainted, they had shipped at Boston for the voyage out and back; that the defendant was a Haytien negro; and the deceased a colored man from Baltimore; and expressions of ill-will and anger by each party to the other, before and on the day of the killing, were put in evidence. The evidence was also uncontradicted, that about eight o'clock on the morning of the thirtieth of January, after some conversation, the two negroes came together on deck, near the fore-hatch, Johnson holding a large hatchet, and Mingo a sheath knife, in his right hand, that each used his weapon against the other, and that Johnson received three stabs in the belly from Mingo's knife, and died of one of them next morning. But as to which party made the advance and attack, on which side of the deck they met, in what direction they first moved, at what time in the affray either armed himself, at what time the stabs were given, and what words were used before they met, the testimony of nine witnesses, who were on deck and saw the affray more or less completely, was contradictory. The defendant's counsel prayed the court to instruct the jury in conformity with the opinion of Mr. Justice Wilde, in Com. v. York, 9 Metc. [Mass.] 93: "1. That when the facts and circumstances accompanying a homicide are given in evidence, the question whether the crime is murder or manslaughter, is to be decided upon the evidence, and not upon any presumption from the mere act of killing. 2. That if there be any such pre-

sumption, it is a presumption of fact, and if the evidence leads to a reasonable doubt, whether the presumption be well founded, that doubt will avail in favor of the prisoner. 3. That the burden of proof in every criminal case, is on the commonwealth to prove all the material allegations in the indictment, and if, on the whole evidence, the jury have a reasonable doubt whether the defendant is guilty of the crime charged, they are bound to acquit him." The defendant's counsel also prayed the court to instruct the jury, that as no evidence had been offered to prove that the defendant was first apprehended, or brought within this district, he was entitled to an acquittal.

B. F. Hallett, U. S. Dist. Atty.

J. H. Prince and F. E. Parker, for the prisoner.

Before CURTIS, Circuit Justice, and SPRAGUE, District Judge.

Before the argument, CURTIS, Circuit Justice, stated to the counsel that "in a capital case the junior counsel has a right to argue at length the law and the facts, but only one counsel has a right to close. In this case, however, as all the witnesses are government witnesses, and none were called for the defence but those whom the government declined to examine, two counsel will be permitted to close, in full, on the law and facts, not, however, making this a precedent for cases in which the prisoner's counsel calls witnesses not examined before the grand-jury, and sworn on the part of the government."

In summing up to the jury, CURTIS, Circuit Justice, said: To bring this case within the jurisdiction of the court, the jury must be satisfied, 1. That the offence was committed on board an American vessel; 2. That the deceased and the prisoner were of the crew; 3. That the prisoner was first apprehended within this district. The first proposition is admitted by his counsel; the second, there is much and uncontradicted evidence to prove. Of the third, no direct evidence has been offered. But you have evidence to show that the ship was bound to Boston, and that the defendant is in custody in Boston. It is not usual to call upon the government to offer direct evidence on this point, and during the introduction of the evidence, the defendant's counsel made no point upon it, so as to induce the government to bring forward direct evidence. The evidence now in the case to which I have alluded, is sufficient in law to warrant the jury in finding the fact.

The fact of the killing being proved, and not denied, one of three views may be taken of it: First, that Mingo first attacked Johnson; that he made the attack with a dangerous weapon; and that though Johnson resisted with a dangerous weapon, Mingo killed him. If a man attacks another with a dangerous weapon, and kills him, no sufficient provocation appearing, the law presumes malice from the act. And if you find that Mingo attacked Johnson with a dangerous weapon, and killed him, without other provocation than words, it is murder. On the question of the burden of proof, after consultation, the court are of opinion that it is incumbent upon the government to prove a felonious killing; and if upon the whole evidence the government has failed to satisfy the jury beyond a reasonable doubt, that the killing was felonious, the verdict must be, not guilty. After recapitulating the evidence, the judge continued: It is your province, gentlemen, to determine whether such a case is proved; but I am at liberty to say, and feel it my duty to say, that I do not think the government has proved a case of murder beyond a reasonable doubt.

The second view is, that previous ill-will was borne by each of these men to the other; that, being near each other on deck, words passed between them; and that both being excited and willing to fight, they armed themselves, simultaneously, or nearly so, with dangerous weapons, both fought, and Johnson was killed. You will say whether it is made out beyond a reasonable doubt, that it was a mutual combat, in which both engaged willingly. If so, it is manslaughter. If the defendant entered into the combat willingly, he cannot say that he killed his adversary in self-defence. Where such encounters take place deliberately, as in duels, and homicide ensues, it is murder; but where it is in hot blood, such homicide is manslaughter.

Third. If it was not a mutual combat, but Johnson made the first attack on Mingo with a deadly weapon, yet if Mingo could reasonably have avoided killing his adversary, without certain and immediate danger of his life, or of great bodily injury, the homicide is not excused as being in self-defence. But in considering whether Mingo could reasonably have avoided killing Johnson, the law does not demand of him the same coolness and the same deliberate exercise of judgment, which you, viewing the circumstances after the event, and being in safety, can and will exercise. It requires him not to avail himself of such an occasion to indulge his passion. He must have acted from a desire to protect his own life, and not from a desire to kill his adversary; and he must have actually believed, at the moment, that the only way to protect himself from certain and immediate danger of his life. or of great bodily harm, was to stab his adversary; and the circumstances must have been such, that you can see that Mingo might, reasonably, and did actually so believe, at the time he struck the fatal blow. If the circumstances were such as that you can see these things, then you have a right to say, and should say, he acted in self-defence, and is not guilty of manslaughter.

The jury found the defendant not guilty.